IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK R. KURKOWSKI,

                      Plaintiff,

v.

AUSTIN SPAFFORD, TANNER PARDUN,
OFFICER MAGNUN, MELISSA MCLAIN, and
RAYE WARD,

                      Defendants.

OPINION and ORDER

24-cv-237-jdp

---

      Plaintiff Patrick Kurkowski, proceeding without counsel, alleges that defendant Austin Spafford sexually assaulted him during a pat-down search while two other officers and two female members of the jail staff watched. Kurkowski was being held in the Burnett County Jail when the incident at issue occurred, and he is now an inmate at Jackson Correctional Institution.

      Defendants move for summary judgment, contending that Kurkowski failed to exhaust his administrative remedies because he did not submit a timely grievance through their grievance system. Kurkowski followed an acceptable procedure for submitting his grievance pursuant to the Prison Rape Elimination Act (PREA) alternative procedure by submitting a letter to jail staff. Defendants have failed to show that he did not properly exhaust his grievance, so I will deny the motion for summary judgment.

BACKGROUND

      The incident at issue occurred on January 26, 2023, in the Burnett County Jail. Plaintiff Patrick Kurkowski alleges that defendant Austin Spafford patted Kurkowski down and

inappropriately touched his genitals while defendants Officer Tanner Pardun, Officer Magnun, and jail staff members Melissa Mclain and Raye Ward were present.

Kurkowski did not file a formal grievance. But, according to a statement by Corrections Deputy Raeanna Ward, he requested to call the PREA hotline soon after and "was able to make contact with the PREA hotline and start the report." Dkt. 31-2. Neither party explains what "report" Kurkowski started.

On April 27, 2023, Kurkowski wrote a letter to jail staff detailing and complaining of the alleged sexual assault. Dkt. 30-3.

A few days later, Lieutenant Harley Mangen responded to Kurkowski's letter, saying that the matter had been thoroughly investigated and that nothing could be found to substantiate his claims. Dkt. 31-1. The response to Kurkowski's letter stated that the Burnett County Sheriff's Office would now consider the matter closed. *Id.*

Kurkowski filed suit in this court on April 11, 2024.

ANALYSIS

Defendants contend that Kurkowski failed to exhaust his administrative remedies because he did not follow the jail's grievance process. They contend that Kurkowski's April 2023 letter was not a grievance submitted pursuant to the jail's grievance process, and that, even if it were, it was untimely.

Under the Prison Litigation Reform Act (PLRA), a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004) (citing 42 U.S.C. § 1997e(h)). As a pretrial detainee, Kurkowski was a prisoner for PLRA

2

purposes at the time of the alleged sexual assault. *See Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016) (holding that the pretrial detainee plaintiff exhausted his administrative remedies as he was required to do under the PLRA).

The PLRA requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42. U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process of the institution where he is housed. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This means that prisoners must follow instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and file all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

At the Burnett County Jail, inmates who want to make a complaint about an incident at the jail are required to submit an "Inmate Grievance Form" to the on-duty jailer within 48 hours of the incident. Dkt. 30-1. After the inmate receives a response to his complaint, the inmate has 48 hours to appeal the initial decision to the jail administrator. *Id.* If he wants to appeal the decision of the jail administrator, he can appeal to the sheriff, but he must do so within 48 hours of the receipt of the reply from the jail administrator. *Id.* Then, he may file suit in court. Kurkowski did not follow this procedure for the claims in this case.

But Wisconsin has an alternative procedure for grieving PREA complaints. Wis. Admin. Code DOC § 310.08. An inmate alleging sexual assault "may use an alternative method of filing [complaints], including submission of the complaint directly to the warden." *Id.* § 310.08(2). Sexual assault complaints are not subject to time limits. *Id.* § 310.08(1). An inmate may file a PREA complaint any time after the alleged incident, but time constraints still

3

apply to PREA-related appeals. *Id.* § 310.08(7). Kurkowski asserted that the conduct he complains of amounted to sexual assault, and defendants do not dispute that the allegations are related to sexual assault. This means that his allegations are subject to the alternative PREA complaint procedure.

Kurkowski contends that he exhausted all administrative remedies for his PREA complaint by calling the PREA hotline. The Seventh Circuit has not addressed the issue of whether a verbal report made to the PREA hotline satisfies an inmate's obligation to exhaust under the PLRA, but another district court in this circuit has found that it does not. *Peace v. Kemper*, No. 14-CV-1416, 2016 WL 5793689, at *5 (E.D. Wis. Sept. 30, 2016) ("The plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion"). Even though PREA provides alternative procedures for filing complaints and removes a time limit for doing so, it does not exempt plaintiffs from the PLRA's requirement that he exhaust his remedies. Kurkowski's call to the PREA hotline alone did not exhaust his administrative remedies.

But Kurkowski's call to the PREA hotline was not the end of Kurkowski's efforts to make and exhaust his complaint. Kurkowski's April 2023 letter satisfies the administrative grievance process for making a PREA complaint. Kurkowski was in jail at the time of the incident, so there wasn't a warden for him to write to. He submitted a letter to jail staff that ultimately went to the sheriff's office, which would be the jail's equivalent to a warden. That's an acceptable alternative method of filing a grievance for a PREA matter. *See Williams v. Fox*, No. 23-cv-709-jdp, 2025 WL 326565 at *2. Defendants contend that, even if the court were to decide that Kurkowski's letter satisfied the administrative procedures to qualify as a grievance, it was not timely. But PREA removes time constraints for sexual assault related

4

complaints. So the letter was not subject to the jail's 48-hour reporting requirement, and was a proper, timely grievance.

In their briefs, defendants relied solely on the initial complaint being untimely and did not provide any argument or evidence that Kurkowski failed to exhaust the complaint made in his April 2023 letter. But the documents that Kurkowski submitted with his opposition brief support the inference that he did exhaust all administrative remedies. The statement from Ward that says that Kurkowski "was able to make contact with the PREA hotline and start the report." Dkt. 31-2. And the response letter that Kurkowski received to his April 2023 letter makes it clear that Kurkowski's complaint had been investigated and that he had followed up on his initial complaint. The full content of that response is as follows:

> As previously stated this matter has been thoroughly investigated and nothing could be found to substantiate your complaint. You have been told on more than one occasion that all reports and video footage have been reviewed and that nothing was seen or documented that would be considered inappropriate. At this point the Burnett County Sheriff's office is considering this matter closed.

Dkt. 31-1. Even though this letter does not use the term "exhaust" or "appeal," it says that an investigation has been conducted in response to repeated inquiries from Kurkowski and that the matter is closed.[1] Defendants' reply in support of its motion did not respond to or address this letter.

Defendants carry the burden of showing that Kurkowski did not exhaust. There is

---

[1] After defendants' motion for summary judgment was fully briefed, Kurkowski requested to file supplemental exhibits concerning the investigation and his continued efforts to pursue his PREA grievance. Dkt. 35. I will grant Kurkowski's request. But because the evidence that Kurkowski submitted with his opposition brief is sufficient to show that he exhausted the administrative remedies available for his complaint, I do not rely on these additional documents in deciding defendants' motion.

evidence that Kurkowski filed a timely grievance and evidence from which it is reasonable to infer that he exhausted the administrative process for appealing the jail's decisions concerning his grievance. I will deny defendants' motion for summary judgment for failure to exhaust administrative remedies.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment for failure to exhaust administrative remedies, Dkt. 27, is DENIED.

2. Plaintiff Patrick R. Kurkowski's request for leave to file additional exhibits, Dkt. 34, is GRANTED.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge