IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK R. KURKOWSKI,

Plaintiff,

v.

AUSTIN SPAFFORD, TANNER PARDUN,
OFFICER MAGNUN, MELISSA MCLAIN, and
RAYE WARD,

Defendants.

OPINION and ORDER

24-cv-237-jdp

---

Officials at the Burnett County Jail received reports that an inmate was stashing a razor blade and medication in his cell, so they decided to pat-down search all the inmates in the cell block to look for the contraband. One of those inmates was plaintiff Patrick Kurkowski. Defendant Austin Spafford, a deputy with the Burnett County Sheriff's Office, conducted Kurkowski's pat-down search. Kurkowski alleges that Spafford sexually assaulted him during the search while four other officers watched. I granted Kurkowski leave to proceed on Fourteenth Amendment claims against defendants. Dkt. 10. Defendants move for summary judgment, Dkt. 38, and I will grant their motion because the undisputed facts show that Spafford acted reasonably under the circumstances.

ANALYSIS

The Fourteenth Amendment's Due Process Clause governs Kurkowski's claims because he was a pretrial detainee at the time of the pat-down search. *Holloway v. Del. Cnty. Sheriff*, 700 F.3d 1063, 1068–69 (7th Cir. 2012). Kurkowski must show that Spafford (1) intended to carry out a certain course of action; and (2) that course of action was not objectively reasonable.

*Pittman by and through Hamilton v. Madison Cnty.*, 108 F.4th 561, 568 (7th Cir. 2024). It is undisputed that Spafford intended to conduct a pat-down search of Kurkowski, so this case turns on whether Spafford's pat-down search was objectively reasonable.

Defendants move for summary judgment, contending that Spafford's pat-down search of Kurkowski *was* objectively reasonable. *See* Dkt. 39, at 13–21.[1] I will grant their motion if the material facts are undisputed and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). I will view the facts and all reasonable inferences from those facts in Kurkowski's favor unless the evidence in the record utterly discredits Kurkowski's version of the facts such that no reasonable jury could believe him. *Stewardson v. Titus*, 126 F.4th 1264, 1275 (7th Cir. 2025); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

To establish that Spafford's pat-down search was not objectively reasonable, Kurkowski must show objective evidence that the pat-down search wasn't "rationally related to a legitimate governmental objective or that it [was] excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). Kurkowski doesn't contend that Spafford's pat-down search was unrelated to a legitimate governmental objective: it is undisputed that jail officials received reports of an inmate having contraband and that the pat-down searches were conducted to look for the contraband. Dkt. 61, ¶¶ 4–10. Instead, Kurkowski contends that the video footage in the record shows that Spafford's use of force was excessive in relation to that purpose for two reasons: it was aggressive and sexual in nature. *See* Dkt. 55 and Dkt. 58.

Kurkowski contends that Spafford's pat-down search was aggressive because the amount of force Spafford used while searching Kurkowski's legs caused his pants to slide down

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF.

and reveal the top of his underwear. Dkt. 60, ¶ 3. But Kurkowski doesn't dispute defendants' purposed facts indicating that Spafford conducted the pat-down search "exactly as he had been trained to do" and that Spafford used only the amount of force necessary to conduct an effective search. Dkt. 61, ¶¶ 95–99. In any event, the video footage in the record discredits Kurkowski's contention that the pat-down search was aggressive. Spafford conducted a routine pat-down search of Kurkowski: he patted down Kurkowski's arms, the front of his torso, the back of his torso, and his legs. The search was thorough, but there is no indication that Spafford treated Kurkowski roughly during it. True, when Spafford used the back of his hands to pat Kurkowski's right buttocks, Kurkowski's pants slid down, revealing his underwear. Dkt. 43, Ex. 2 (Spafford body cam, at 05:22). But the only reasonable inference from that moment is that Kurkowski's pants were loose, not that Spafford used an unreasonable amount of force during the pat-down search.

Kurkowski also contends that Spafford's pat-down search was sexual in nature because Spafford fondled his genitals. But he doesn't dispute defendants' proposed facts that none of the officers observing the pat-down search saw Spafford touch him inappropriately, or that Spafford "did not gratuitously or unnecessarily touch Kurkowski's genitals in any way." Dkt. 61, ¶¶ 89–91, 95. Kurkowski nevertheless proposes the following fact:

> During Said "Pat Search" Officer Spaffords body cam clearly obscures front of Mr. Kurkowski's body + obsorse Camera from filming officers hands fonding genitals of Mr. Kurkowski. Ex C of Defendents Unredacted Viedo when I state "little Much don't You think" to which he stated "Nope" ex C 450-4.53

Dkt. 60, ¶ 2. He points to three seconds of Spafford's body camera footage in support.

Spafford's body camera footage discredits Kurkowski's proposed fact. The key moment during the pat-down search is when Kurkowski says: "Little much, don't you think?" Dkt. 43,

Ex. 2 (Spafford body cam, at 04:50–04:51). According to Kurkowski, this is when Spafford fondled his genitals. Dkt. 60, ¶ 2 (Kurkowski's proposed fact); *see* Dkt. 61, ¶ 14 (Kurkowski's response to defendants' proposed fact).[2] In the footage, Spafford uses his right hand to reach across Kurkowski's torso. *Id.* at 4:48. Kurkowski's clothing gets in the way of the view from Spafford's body camera footage, so I can't tell where Spafford's hand goes. One second passes. Then, Kurkowski says: "Little much, don't you think?" *Id.* at 04:50–04:51. Based on this footage, no reasonable jury could find that Spafford fondled Kurkowski's genitals.

Kurkowski resists this conclusion. He contends that, because the video footage doesn't show the entire pat-down search, including the front of his body, the court should credit his allegation that Spafford fondled his genitals. *See* Dkt. 55 and Dkt. 60. The cameras didn't catch every moment of the search: Spafford's body camera is occasionally obstructed by Kurkowski's clothing, and the view from the jail library's camera is sometimes blocked by Spafford's body. But the footage is fairly comprehensive, and the portions showing Kurkowski don't suggest that he was experiencing the surprise or discomfort that one would expect if Spafford was groping his genitals. *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

The Seventh Circuit's decision in *Gillis v. Pollard*, 554 F. App'x 502 (7th Cir. 2014), supports the court's conclusion. The plaintiff in *Gillis* contended that prison officials gratuitously rubbed his genitals during a pat-down search. *Gillis*, 554 F. App'x at 506. The court

---

[2] In his complaint, Kurkowski alleged that, during the search of his legs, Spafford "grabb[ed] [Kurkowski's] testicles" and used his hand to "swipe into [Kurkowski's] butt crack against [his] anus," which Kurkowski described as "frivolous groping." Dkt. 1, at 5. Kurkowski's complaint is verified—he submitted it under penalty of perjury—so it constitutes admissible evidence. *Id.* at 8. But the video footage discredits his allegations: no reasonable jury could find that Spafford grabbed Kurkowski's testicles or swiped his hand against Kurkowski's anus. In any event, Kurkowski doesn't cite his verified complaint in his summary judgment submissions. Nor does he cite any other admissible evidence to support these allegations.

held that summary judgment was proper because video footage contradicted the plaintiff's story and the pat-down search was justified by the need to search for weapons and other contraband. *Id.* The court observed that it was possible that officials momentarily touched the plaintiff's genitals given that the view of the plaintiff's lower body was obstructed in the video footage of the pat-down search. *Id.* But the court reasoned that the brevity of the part of the search near the plaintiff's groin refuted his assertion that officials gratuitously rubbed his genitals in a sexual manner. *Id.* The same result follows here: summary judgment for defendants is proper because the video footage contradicts Kurkowski's story; even if Spafford briefly touched his genitals, that contact was justified by the need to check for the razor and medication.

The undisputed facts in this case establish that Spafford didn't violate Kurkowski's Fourteenth Amendment rights by conducting the pat-down search. Spafford's actions weren't unconstitutional, so I don't have to address qualified immunity. Nor do I have to address Kurkowski's claims that the other defendants failed to intervene.

ORDER

IT IS ORDERED that:

1. Defendants Austin Spafford, Tanner Pardun, Officer Magnun, Melissa Mclain, and Raye Ward's motion for summary judgment, Dkt. 38, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered March 11, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge